UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**KEVIN JAMES PITRE**             **CASE NO. 6:21-CV-01326 SEC P**

**VERSUS**                         **JUDGE ROBERT R. SUMMERHAYS**

**JEFF LANDRY, ET AL**             **MAGISTRATE JUDGE HANNA**

## REPORT AND RECOMMENDATION

Petitioner Kevin James Pitre ("Pitre") filed the instant Petition for Writ of Habeas Corpus on May 5, 2021 (rec. doc. 1) and amended petition, on proper forms, on June 11, 2021 (rec. doc. 5). Petitioner is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana, where he is serving a life sentence imposed by the Thirteenth Judicial District Court for Evangeline Parish, Louisiana, following his 2004 conviction for three counts of carnal knowledge of a juvenile.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

I.  **Background**

By this proceeding, Pitre attacks his 2004 conviction for three counts of carnal knowledge of a juvenile and the subsequent life sentence imposed by the Thirteenth Judicial District Court for Evangeline Parish, Louisiana.

Pitre concedes, and this court's records establish, that he has filed a previous federal Petition for Writ of Habeas Corpus, in this Court, in which he attacked this same conviction and sentence. *Kevin James Pitre v. Warden Louisiana State Penitentiary, Burl Cain*, No. 6:15-cv-2438 (W.D. La. 2015). The first petition was denied and dismissed with prejudice on April 4, 2016, on the merits. *Id*. at Rec. Doc. 8. Judge Doherty denied a certificate of appealability. *Id*. at Rec. Doc. 9.

II.     **Law and Analysis**

In this matter, Pitre again seeks to attack the same conviction and sentence he sought to attack in his first suit. "Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)." Rule 9 of the Rules Governing Section 2254 Cases in the U.S. Dist. Courts. The bar on second or successive petitions applies to a later-in-time petition that challenges the same judgment imposing the same sentence as an earlier-in-time petition. *In re Lampton*, 667 F.3d 585 (5th Cir. 2012) (citing *Burton v. Stewart*, 549 U.S. 147, 156 (2007)).

Although the Antiterrorism and Effective Death Penalty Act ("AEDPA") does not define "second or successive," the Fifth Circuit has long held that "a later petition is successive when it: (1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise

constitutes an abuse of the writ." *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998) (emphasis added); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). The phrase "second or successive" applies to an entire application, not to individual claims in an application. *Magwood v. Patterson*, 561 U.S. 320, 334 (2010) ("AEDPA uses the phrase 'second or successive' to modify 'application.'"). "[A]n application filed after a previous application was adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. § 2244(b), even if it contains claims never before raised." *Graham v. Johnson*, 168 F.3d 762, n. 7 (5th Cir. 1999) (citing *Felker v. Turpin*, 518 U.S. 651, 655-58, 662 (1996)).

This is Pitre's second attempt to collaterally attack, in this federal Court, his Louisiana state court conviction for 2004 conviction for three counts of carnal knowledge of a juvenile and the life sentence imposed by the Thirteenth Judicial District Court for Evangeline Parish, Louisiana. Petitioner's claims could have been raised in his first petition, which was dismissed on the merits. Therefore, this petition is successive. The instant action is therefore unquestionably a § 2254 action which under 28 U.S.C. § 2244 is "second or successive."

Before the Court may consider a second or successive petition, Petitioner must, as mentioned, obtain authorization to file it from the Fifth Circuit Court of Appeals. 28 U.S.C. § 2244(b)(3)(A). Because the record does not reveal that Petitioner received such authorization, this Court lacks jurisdiction. *See Hooker v.*

3

*Sivley*, 187 F.3d 680, 682 (5th Cir. 1999); *U.S. v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).

### III. Conclusion

Therefore, the undersigned finds that this petition should be dismissed. Accordingly;

**IT IS RECOMMENDED** that the instant action be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE in Chambers on this 13th day of July, 2021.

Patrick J. Hanna
United States Magistrate Judge